PER CURIAM.
Steven Williams appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Because Williams’s notice of appeal was untimely, his appeal must be dismissed.
The trial court rendered an order denying Williams’s rule 3.850 motion on February 7, 2006. On February 17, 2006, Williams filed a motion for rehearing, which was denied on May 2, 2006. On June 6, 2006, some thirty-four days after the order denying his motion for rehearing *93 was rendered, Williams filed his notice of appeal.[1] Because the notice of appeal was filed more than thirty days after the order denying rehearing, this Court does not have jurisdiction to consider this appeal. See Fla. R. Crim. P. 8.850(g); Fla. R. App. P. 9.110(b).
In response to our order to show cause why this appeal should not be dismissed, Williams asserts that he did not receive the denial order until May 7, 2006, and due to various institutional constraints on the availability of law library time and the fact that the copying machine was broken, he was unable to file the notice of appeal sooner. These claims cannot create jurisdiction to consider his appeal. However, they can be raised in a petition seeking a belated appeal pursuant to Florida Rule of Appellate Procedure 9.141(c).
APPEAL DISMISSED.
PALMER, ORFINGER and LAWSON, JJ., concur.

. This notice was "filed” on June 5, 2006, when the defendant delivered the notice to an agent of the Department of Corrections, under the "mailbox rule.” See Haag v. State, 591 So.2d 614 (Fla.1992).